Ruffin, Chief Justice.
The title of the defendant is deduced under a creditor of Joseph Dobson, the elder; and therefore, he is at liberty to impeach that set up by the lessors of the plaintiff. (His Honor here stated "the facts of the case as above, and then proceeded as follows:) It is not necessary to say how the parties would have been affected by their dishonest purposes, if the execution had been valid. We suppose, however, that Stevely, being innocent of the fraud and a fair bidder at a judicial sale, would have got a good title; and that the title derived from him by the lessors of the plaintiff would also have been good, at least in a Court of Law. But it being clear that Stevely gained nothing by the sale and conveyance to him, the enquiry is, whether under the circumstances of this case, the possession was out of Joseph Dobson, the father, or whether it was in the lessors of the plaintiff, and of a character to defeat the defendant? We think not.
In the first place, it might be sufficient in this particular case, perhaps, to say, that the lessors of the plaintiff had not the exclusive possession: because the debtor himself was also in the actual possession. We do not, however, put the case on that point, inasmuch as that would perhaps have made it llecessary to submit an enquiry to the jury as to the terms on which the father remained on the land, as understood between him and his sons. But in the next place, we think that even if the father had not been on the land at all, the possession of the sons, under the fraudulent agreement and circumstances 1 # found by the jury, could not be legally adverse to the and his creditors, so as to make a complete title in the sons under the statute of limitations. Pickett v. Pickett, 3 Dev. 6. The possession of a fraudulent vendee cannot in of a creditor of the fraudulent vendor, be deemed adverse to such vendor or his creditor, because the statute makes whole contract void and as against the creditor, the *204 i0n .of the vendee is deemed to have been in trust for the vendor, and therefore it is the possession of the vendor. When a sale is once made by the creditor, then the possession of the fraudulent donee becomes adverse; for the law does not sup-any secret confidence between the donee and the purchaser. It must be admitted that a possession by Stevely would have been for himself, and therefore adverse to all the world. -^ut never had ^Ie possession for a moment, and the title taken from him, not in fact for the persons to whom the deed was made, but upon a fraudulent and secret trust for the father, to the intent that he and his family should enjoy the land, and his just creditors be hindered of their debts. Whatever colour the deed might afford to such a possession, we see that in fact it was not a possession of the lessors of the plaintiff for themselves, and therefore, it was not in law adverse. Consequently the judgment must be affirmed.
^E:R Curiam. Judgment